IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE ABRAHAM ESPINO-RANGEL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>LISA J.W. HOLLINGSWORTH, )<br>)<br>Respondent. ) | CIVIL NO. 10-674-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the Federal Prison Camp located in Marion, Illinois (FPC-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his convictions in the United States District Court for the Western District of Texas. *See United States v. Espino-Rangel*, No. 3:06-cr-00052 (W.D. Tex.).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

### THE PETITION

Petitioner was found guilty, after a jury trial, of one count of conspiracy to distribute a

controlled substance (marijuana) in violation of 21 U.S.C. §§ 841 and 846; and one count of possessing with intent to distribute a controlled substance (marijuana) in violation of 21 U.S.C. § 841.  *Id.*; Petition for a Writ of Habeas Corpus, p. 2.  Petitioner was sentenced to 97 months imprisonment, 5 years supervised release, a $2,000 fine, and a $200 special assessment.  *Id.*; Petition for a Writ of Habeas Corpus, pp. 2-3.  Petitioner appealed to the Fifth Circuit Court of Appeals; the Fifth Circuit affirmed Petitioner's convictions and sentences "in all respects."  *United States v. Espino-Rangel*, No. 06-50949, 2007 WL 2693172, 242 Fed. Appx. 219 (5th Cir. Sept. 11, 2007).  Petitioner sought, but was denied, relief pursuant to 28 U.S.C. § 2255.  *Espino-Rangel*, No. 3:06-cr-00052 (W.D. Tex.).

Petitioner claims that his convictions are illegal because: (1) he was denied his Sixth Amendment right to confront witnesses as that right was explained in *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009); (2) he was denied his Sixth Amendment right to effective assistance of counsel; (3) fingerprint identification is unreliable; (4) he was denied his right to a speedy trial; and (5) the Government failed to comply with the trial court's pre-trial disclosure orders and withheld crucial evidence.  Petitioner asserts that he is entitled to proceed with this § 2241 habeas petition because the decision in *Melendez-Diaz* was rendered after his request for relief pursuant to 28 U.S.C. § 2255 was denied.

### DISCUSSION

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua*

*v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging a conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e).

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention because *Melendez-Diaz* was decided after his first § 2255 motion was denied by the trial court. In *Melendez-Diaz*, the Supreme Court addressed the issue of testimonial statements under the Confrontation Clause. 129 S. Ct. 2527. The particular statement at issue was a "certificate of analysis" which reported the results of a forensic analysis performed on a substance found in the defendant's possession. The analysis found – and thus the certificate stated – that the substance was cocaine. *Id*. at 2531-32. The Supreme Court found that such a certificate was "functionally identical to live, in-court testimony, doing 'precisely what a witness does on direct examination.'" *Id*. at 2532 (internal citation omitted). Accordingly, the Supreme Court determined that the forensic analysts who prepared such certificates were "witnesses" for purposes of the Sixth Amendment and subject to confrontation by the defendant. *Id.* Absent a showing that the analysts were unavailable to testify at trial and that the defendant had a prior opportunity to cross-examine them, the Supreme Court held that such certificates were inadmissable against the defendant. *Id*.

As Petitioner correctly notes, *Melendez-Diaz* was decided after Petitioner's § 2255 was dismissed. Thus, it appears that Petitioner has not had the opportunity to present his *Melendez-Diaz* claims on direct appeal or collateral review. However, the mere fact that Petitioner was not able to assert his *Melendez-Diaz* claims on direct appeal or in his § 2255 motion is not sufficient reason to find that § 2255 relief was "inadequate or ineffective." Instead, § 2255 is "'inadequate or

ineffective' … when a structural problem in § 2255 forecloses even one round of effective collateral review-and then only when … the claim being foreclosed is one of actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

As relevant to this case, "actual innocence" means that Petitioner would have to claim not only that he was denied the opportunity to confront the forensic analyst who tested the substance he possessed, but also that such confrontation would have established that the substance tested was not marijuana.  Nowhere in the instant petition does Petitioner claim that the substance tested was not marijuana.

Even if Petitioner had asserted that the substance tested was not marijuana, the instant § 2241 petition still must be dismissed.  When, as here, Petitioner's claim is based on a change of the law by the Supreme Court, that change must be made retroactive to cases on collateral review by the Supreme Court.  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).  The Court's research indicates that, to date, every court to consider whether *Melendez-Diaz* is retroactive has found that it is not. *See Galiana v. McNeil*, No. 08-20705-CIV, 2010 WL 3219316,  at *18 (S.D. Fla. July 5, 2010) (recommendation by magistrate judge that *Melendez-Diaz* is not retroactive), 2010 WL 3219313, at *1 (S.D. Fla. Aug. 13, 2010) (order adopting report and recommendation); *Vega v. Walsh*, No. 06-CV-6492, 2010 WL 2265043, at *3 (E.D.N.Y. May 8, 2010) (*Melendez-Diaz* is not retroactive); *Newsome v. Superintendent,* No. 3:09-CV-92, 2010 WL 597943, at *3 (N.D. Ind. Feb. 17, 2010) (same); *United States v. Alexander*, No. 04-CR-71, 2010 WL 404072, at *5 (N.D. Ind. Jan. 25, 2010); *Carillo v. United States*, No. 09-C-5796, 2009 WL 4675798, at *2 n.2 (N.D. Ill. Dec. 3, 2009).  This Court agrees that *Melendez-Diaz* is not retroactive to cases on collateral review.

### DISPOSITION

Because Petitioner has not established that § 2255 is "inadequate or ineffective," he is not entitled to pursue his claims in the instant § 2241 action. Accordingly, the instant § 2241 action is summarily **DISMISSED** with prejudice.  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  11/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
